**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANTHONY EWING,
     Plaintiff,

       v.

UCONN HEALTH, et al.,
     Defendant.

No. 3:25-cv-178 (SRU)

**RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Anthony Ewing, is an inmate incarcerated at Osborn Correctional Center. He filed this civil rights action on February 6, 2025. Compl., Doc. No. 1. He has applied for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. *See* Mot. to Proceed IFP, Doc. No. 2. Proceeding IFP would allow Ewing to pursue his case without prepaying the $405 filing fee. For the following reasons, his motion is **denied**.

The decision whether to permit a litigant to proceed IFP in a civil case is committed to the sound discretion of the district court. *See Brooks v. Aiden 0821 Capital LLC*, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020); *Rahimi v. Sec. of Navy*, 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). Inmates seeking IFP status must show that the burden of prepaying the filing fee would force them to forgo "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Thus, a court must consider whether the burden of paying the fees for filing and service would hamper Ewing's ability to obtain the necessities of life or force him to abandon the action.

*See Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). In applying the "necessities of life" standard in the prison context, courts take note of the fact that many of a prisoner's necessities are provided to him by the government. As the Second Circuit has explained, prisoners "maintain their own, often complex, economic lives," and so the Court must consider all of their obligations when determining if they are able to prepay the filing fee. *Rosa v. Doe*, 86 F.4th 1001, 1009 (2d Cir. 2023). Paying the fee should not leave them "wholly destitute," and they should not be forced to "last dollar they have or can get" to proceed with their claims. *Adkins*, 335 U.S. at 339.

The court's determination of whether a plaintiff's financial circumstances qualify him for IFP status may include consideration of the resources of persons who support him. *See*, *e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984).

Thus, the statute requires that prisoners who request leave to proceed IFP submit "an affidavit that includes a statement of all assets" they possess and "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a). With that information, the Court determines whether each applicant qualifies for IFP status. Generally, the Court should accept a party's allegations supporting the requirements to proceed *in forma pauperis* unless the Court "perceive[s] a flagrant misrepresentation." *See Rosa*, 86 F.4th at 1009 (2d Cir. 2023) (citing *Adkins*, 335 U.S. at 339).

Ewing's six-month account statement for his prisoner trust account shows that he has received approximately $1,600 in deposits and that his spendable balance increased from $469.20 on July 2, 2024 to $618.51 between July 2, 2024 and January 2, 2025. Account Stmt., Doc. No. 3. Ewing's motion reflects that he is not currently employed, has no dependents, and spends $460 on necessities of life each month. Mot. to Proceed IFP, Doc. No. 2 at 2–3. Ewing specifies that this monthly expenditure for life necessities includes $100 on clothing and shoes, $300 in commissary and snacks, and $60 in cosmetics and hygiene products. *Id.* But I note that Ewing's claim that he spends $460 each month for life necessities (or a total of $2,760 during the six month period) is not possible. If he had incurred such expenditures each month for life necessities between July 2, 2024 and January 2, 2025, his spendable balance could not have increased from $469.20 to $618.51 during that six-month period. Account Stmt., Doc. No. 3. It may be that Ewing did not understand that the IFP application requested his monthly expenditures for life necessities not provided by the prison. But I cannot credit his representation that he must spend $460 per month for life necessities not otherwise provided by the prison. *See id.*

Upon review of the present record, I determine that Ewing's application shows that he had access to sufficient funds to pay the Court's filing fee and cover payment for necessities of life not otherwise provided by the prison when he filed this action on February 6, 2025. Thus, I conclude that he does not qualify for *in forma pauperis* status. Accordingly, his motion for leave to proceed IFP, doc. no. 2, is **DENIED** without prejudice.

All further proceedings in this matter shall be held in abeyance for **twenty-one (21) days** pending Ewing's delivery of the filing fee in the amount of $405.00 (money order or bank check

3

made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. If Ewing fails to submit the filing fee within twenty-one days of this Order, **his case will be dismissed without prejudice** to refiling once he is able to pay the fee.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of February 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

4