UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY EWING,<br>    Plaintiff,<br><br>        v.<br><br>UCONN HEALTH, et al.,<br>    Defendants. | No. 3:25-cv-178 (SRU) |

## RULING ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The plaintiff, Anthony Ewing, is an inmate incarcerated at Osborn Correctional Center. He filed this civil rights action on February 6, 2025. *See* Compl., Doc. No. 1. On April 15, 2025, he filed a motion for a temporary restraining order and a preliminary injunction. *See* Doc. No. 19.[1] The same day, I ordered the defendants to show cause why Ewing's motion should be denied. *See* Doc. No. 18. The defendant, Ruby Morant, filed a response on April 25, 2025. *See* Doc. No. 23. For the following reasons, Ewing's motion is **denied**.

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). "A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a

---

[1] I note that, on April 9, 2025 Ewing filed an amended complaint and a memorandum in support of his motion for a temporary restraining order and preliminary injunction, but he had not yet filed the accompanying motion. *See* Docs. No. 15, 16.

likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (cleaned up). In cases where a plaintiff seeks a mandatory injunction rather than a prohibitory one—requiring the defendant to take some action, rather than refrain from taking some action—"the likelihood-of-success and irreparable-harm requirements become more demanding still." *Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024). In those cases, the plaintiff must "show a *clear or substantial* likelihood of success on the merits and make a *strong showing* of irreparable harm." *Id.* (emphasis in original) (quoting *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015)).

      In his motion, Ewing explains he has not received adequate care for a fractured finger, and requests a temporary restraining order and preliminary injunction requiring the defendants to "arrange for an examination and a plan of treatment by a qualified specialist from Hartford Hospital Bone and Joint." *See* Mot., Doc. No. 19; Declaration in Support of Mot., Doc. No. 16-1, at ¶ 26. The preliminary relief Ewing seeks is mandatory, rather than prohibitory. Accordingly, his motion is denied because he fails to make a "strong showing" that he would suffer irreparable injury in the absence of an injunction.

      Ewing alleges that he fractured his finger during a physical altercation with an inmate in November 2024. *See* Declaration in Support of Mot., Doc. No. 16-1, at ¶ 2. He complains that he is not receiving adequate medical care or physical therapy, his finger is still "stiff and painful," and he is "suffering [] an increasing risk that [his] finger will never be restored to its full usefulness." *Id.* at ¶¶ 18-20. However, as the government points out in response, Ewing's

medical records demonstrate that Ewing has been seen repeatedly by doctors and nurses at Osborn, including as recently as April 21, 2025, when a nurse discussed with him his finger pain and referred him to the facility's in-house orthopedic doctor. *See* Doc. No. 23, at 8-9; *see also* Exhibit A, Doc. No. 24 (medical records). During that recent medical visit, the nurse who saw Ewing observed that Ewing "was able to use his hand to grasp [and] was able to open and close it in a fist," and that he "did not appear to be in distress." Declaration of Raxine Campbell, A.P.R.N., Doc. No. 23-1, at ¶¶ 10-11. The nurse therefore concluded that Ewing did not need immediate medical attention and that a referral to the in-house orthopedic doctor was the appropriate course of action. *Id.* at ¶ 8. On the basis of that information, I cannot conclude that Ewing will suffer an irreparable injury to his finger if he is not treated by doctors outside of the facility while he continues to litigate this case.

Because Ewing's motion fails to make a strong showing that the "irreparable injury" requirement for a preliminary injunction is satisfied, it is unnecessary to analyze the three other requirements. Ewing's motion for a temporary restraining order and preliminary injunction, docs. no. 16, 19, is **denied**. This case shall proceed to initial review.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of May 2025.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge